UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

OLGA AKHRAMENKO, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

OVINNET, INC., a Florida Corporation f/k/a
OVERSEAS TRAVEL OF FLORIDA, INC.,
OVERSEAS TRAVEL OF FLORIDA LLC,
a Delaware Limited Liability Company,
all doing business as OVERSEAS LEISURE GROUP,
and FELIX BRAMBILLA, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, OLGA AKHRAMENKO (hereinafter referred to as "AKHRAMENKO" and "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, OVINNET, INC., a Florida Corporation f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., OVERSEAS TRAVEL OF FLORIDA LLC, a Delaware Limited Liability Company, all doing business as OVERSEAS LEISURE GROUP, and FELIX BRAMBILLA (hereinafter collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a travel agency business providing travel services to individuals and businesses throughout the United States and other countries, with Defendants' main office located at 814 Ponce De Leon Boulevard, Suite 400, Coral Gables, Florida 33134 in Miami-Dade County, within the jurisdiction of this Court.

3. Defendant, FELIX BRAMBILLA, has at all times material to this Complaint owned and managed OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, and Defendant BRAMBILLA has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP.  By virtue of such control and authority, Defendant BRAMBILLA is an employer of Plaintiff and the other employees of OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. At all times material to this Complaint, Defendants, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to her.  Alternately, Defendants, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or

indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to her. As a second alternative, Defendants, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to her. As a final alternative, Defendants, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to her.

5. Plaintiff brings this action on behalf of herself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as Travel Agents, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged retaliation against Plaintiff in violation of the FLSA, 29 U.S.C. §215. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

---

[1] Attached hereto is a signed Consent to Join of OLGA AKHRAMENKO.

6. At all times material to this Complaint, AKHRAMENKO was an employee of OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, within the meaning of the FLSA.

7. At all times material to this Complaint, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, were an employer or joint employer of AKHRAMENKO within the meaning of the FLSA, 29 U.S.C. §203(d).

8. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

9. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, AKHRAMENKO alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal

Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (c) processed out-of-state checks, electronic bank transfers, and credit card transactions for payments by and for Defendants' customers both inside and outside of Florida and the United States, including but not necessarily limited to electronic payment transactions processed through merchant services for both credit card companies such as Visa, Mastercard, American Express, and Discover and banks.

10. Based upon information and belief, the annual gross sales volume of OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, individually and/or collectively, all d/b/a OVERSEAS LEISURE GROUP, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

11. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., and OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISURE GROUP, have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. In approximately April 2019, Defendants hired AKHRAMENKO as a Travel Agent based upon a salary of $45,000.00 per year plus bonuses and benefits.

13. As part of the management and operation of Defendants' international travel agency business, Defendants have both internally and externally—including but not limited to through (a) Defendants' commercial website located on the Internet at http://overseastravelinternational.com; and (b) the signature blocks of Defendants' corporate e-mails sent to customers and other third parties from e-mail addresses such as the one Defendants' assigned to AKHRAMENKO at

olga@overseasinternational.com—referred to Plaintiff and other Travel Agents, a/k/a "Travel Planners," however variously titled, as "Doers," a phrase which Defendants define as "a hunter of immersive travel experiences."

14. During the three (3) year statute of limitations period between approximately May 2019 and October 2019, AKHRAMENKO performed non-exempt work as a Travel Agent for Defendants with Plaintiff's primary job duties consisting of the following non-exempt tasks: (a) receiving and working with sales quotes for travel inquiries from travel agencies—approximately of which were travel agencies based in France; (b) communication about and preparation of travel itineraries based on, *inter alia*, customers' requests, budgets, communicating with hotel sales representatives and suppliers, and making reservations; (c) e-mailing and other communication with Plaintiff's Managers, Marine Franceschi, Defendants' Vice President of Americas, and Adam Lara, Manager of Defendants' FIT Department, to have travel budgets and itineraries reviewed and approved by management; and (d) checking vouchers, conducting research, and other customer service for existing trips.

15. At all times material to this Complaint between approximately May 2019 and October 2019, AKHRAMENKO was herself individually engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff: (a) regularly performed work on international travel accounts for Defendants; and (b) regularly communicated via telephone and electronically with travel agencies in France as well as hotels, limousine companies, restaurants, and other vendors in locations outside of Florida including—for example but not limited to—in Los Angeles and San Francisco, California, as part of booking travel for customers to travel to locations such as Los Angeles, California; San Francisco, California; Las Vegas, Nevada; Kauai, Hawaii; Nassau, Bahamas, all as part of Defendants facilitating

international travel services and business across state and international lines.

16. The additional persons who may become Plaintiffs in this action are Defendants' current and former Travel Agents, a/k/a "Travel Planners," however variously titled, who have worked for Defendants at any location in one or more weeks between December 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

17. During the three (3) year statute of limitations period between approximately May 2019 and October 2019, AKHRAMENKO regularly worked as a non-exempt Travel Agent for Defendants approximately five (5) days per week in the office—plus work from home in the evening and/or on some weekends—with regular start times of approximately 8:00 to 8:30 a.m. and stop times that ranged between approximately 7:00 to 11:00 p.m., averaging approximately Fifty-Eight (58) hours per week.

18. Likewise, the other employees of Defendants who are similarly situated to AKHRAMENKO have regularly worked as Travel Agents, a/k/a "Travel Planners," however variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between December 2016 and the present.

19. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by AKHRAMENKO and the other similarly situated Travel Agents, a/k/a "Travel Planners," however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between December 2016 and the present.

20. Subject to discovery, based upon Defendants paying AKHRAMENKO average gross weekly wages of approximately $865.38 per week for Forty (40) hours of work per week

between approximately May 2019 and October 2019 and Plaintiff being owed an average of approximately Eighteen (18) uncompensated overtime hours per week from Defendants during a total of approximately Twenty-Three (23) work weeks, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $32.45/hour [$865.38/40 hours = $21.63/hour x 1.5 = $34.45/hour], Plaintiff's unpaid overtime wages total $13,435.10 [$32.45/hour x 18 Unpaid OT hours/week x 23 weeks = $13,435.10], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $7.46/hour [$865.38/58 hours = $14.92/2 = $7.46/hour], Plaintiff's unpaid overtime wages total $3,088.53 [$7.46/hour x 18 Unpaid OT hours/week x 23 weeks = $3,088.53].

21.     Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by AKHRAMENKO and other similarly situated Travel Agents, a/k/a "Travel Planners," however variously titled, during each week between approximately December 2016 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

22.     At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by AKHRAMENKO and other similarly situated Travel Agents, a/k/a "Travel Planners," however variously titled, during each week between December 2016 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by AKHRAMENKO and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

23. The complete records reflecting the compensation paid by Defendants to AKHRAMENKO and the other similarly situated Travel Agents, a/k/a "Travel Planners," however variously titled, at any location between December 2016 and the present are in the possession, custody, and/or control of Defendants.

24. In approximately early October 2019, AKHRAMENKO began complaining to Adam Lara, Manager of Defendants' FIT Department, about working in excess of Forty (40) hours per week without being paid overtime compensation by Defendants.

25. However, Lara responded to AKHRAMENKO's overtime complaints by Lara telling Plaintiff that "it's never gonna change" and she would continue to be required to work long hours without overtime compensation because, according to Lara, Defendant BRAMBILLA "doesn't care about employees" and instead only "cares about money."

26. On or around October 10, 2019, AKHRAMENKO sent an e-mail directly to Defendant BRAMBILLA in which Plaintiff complained about working overtime hours for Defendants and asked for Defendants to change Plaintiff's work hours to a shift of 11:00 a.m. to 8:00 p.m. in an effort by Plaintiff to reduce the number of hours she was working.

27. On or around October 14, 2019, Defendant BRAMBILLA called AKHRAMENKO into a meeting in the conference room after he'd gathered Defendants' managers and in front of multiple employees, Defendant BRAMBILLA berated Plaintiff for the October 10th written complaint she'd sent to BRAMBILLA, as part of which Defendant BRAMBILLA: (a) screamed at Plaintiff for bothering him about her overtime complaint; (b) told Plaintiff: "You are a Doer and you have to do what you have to do" to get her work done for Defendants while telling Plaintiff that she is not supposed to mention overtime; (c) further questioned how "stupid" Plaintiff was for even talking to BRAMBILLA as the CEO about her uncompensated overtime hours; (d) threatened

to reduce Plaintiff's salary if Plaintiff continued to talk about working uncompensated overtime hours for Defendants; and (e) told Plaintiff that although other employees of Defendants work as late as 11:00 p.m. without ever complaining, Plaintiff "doesn't have the motivation any more and passion to work" for Defendants.

28. In response to Defendant BRAMBILLA publicly humiliating AKHRAMENKO because she had complained about not being paid for her overtime hours, Plaintiff replied to BRAMBILLA during the October 10, 2019 meeting that, *inter alia*, she was exhausted from having regularly worked substantial overtime hours for Defendants for the past five (5) months but she nonetheless satisfactorily performed her duties to help Defendants produce revenue from the accounts she was given.

29. On October 30, 2019, at the end of the day just after 7:00 p.m., Stanislas Saint Priest Defendants' Manager of Accounting, and Adam Lara, notified AKHRAMENKO that Defendants were terminating Plaintiff's employment purportedly because Plaintiff didn't have "passion and motivation" or "bring good money to the company this month."

30. Defendants' termination of AKHRAMENKO's employment on October 30, 2019 because of AKHRAMENKO's good faith objections to and complaints about Defendants' failure to pay AKHRAMENKO overtime compensation for her hours worked in excess of Forty (40) hours per week was unlawful retaliation in violation of 29 U.S.C. §215.

31. The fact that AKHRAMENKO engaged in activity protected by the FLSA was a motivating factor in Defendants' termination of Plaintiff's employment on October 30, 2019, in violation of 29 U.S.C. §215.

32. The reasons proffered by Defendants on October 30, 2019 for the termination of AKHRAMENKO's employment were false and known to be false at the time Defendants

terminated Plaintiff's employment and instead were a pretext for unlawful discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff, OLGA AKHRAMENKO, readopts and realleges the allegations contained in Paragraphs 1 through 32 above.

34. AKHRAMENKO is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2019 and October 2019.

35. All similarly situated Travel Agents, a/k/a "Travel Planners," however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between December 2016 and the present.

36. Defendants knowingly and willfully failed to pay AKHRAMENKO and other Travel Agents, a/k/a "Travel Planners," however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between December 2016 and the present.

37. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide AKHRAMENKO and other Travel Agents, a/k/a "Travel Planners," however variously titled, with time and one-half wages for all of their actual overtime hours worked between December 2016 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in

excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

38. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

39. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by AKHRAMENKO and other Travel Agents, a/k/a "Travel Planners," however variously titled, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

40. AKHRAMENKO has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

41. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, OLGA AKHRAMENKO, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., OVERSEAS TRAVEL OF FLORIDA LLC, and FELIX BRAMBILLA, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, OLGA AKHRAMENKO, readopts and realleges the allegations contained in Paragraphs 1 through 32 above.

42.     The Fair Labor Standard Act (FLSA) defines "employee" as "any individual employed by an employer." 29 U.S.C. §203(e)(1).

43.     The FLSA also defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.§203(d).

44.     At all times material to this Complaint between approximately May 2019 and October 2019, AKHRAMENKO was an employee of OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISUR GROUP, and FELIX BRAMBILLA as defined by 29 U.S.C. §203(e)(1).

45.     At all times material to this Complaint between May 2019 and October 2019, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., OVERSEAS TRAVEL OF FLORIDA LLC, all d/b/a OVERSEAS LEISUR GROUP, and FELIX BRAMBILLA constituted an employer and/or joint employer of AKHRAMENKO as defined by 29 U.S.C. §203(d).

46.     The FLSA's anti-retaliation provisions at 29 U.S.C. §215(a) provide that "it shall be unlawful for any person—(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

47.     When AKHRAMENKO began complaining in good faith to Adam Lara in October 2019, and when Plaintiff made further internal complaints to Defendant BRAMBILLA in October 2019, about Plaintiff working uncompensated overtime hours for Defendants, Plaintiff engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

48.     Defendants undertook retaliatory action against AKHRAMENKO in violation of 29 U.S.C. §215(a)(3) because of Plaintiff's objections to and complaints to Adam Lara and Defendant BRAMBILLA about Plaintiff working uncompensated overtime hours, including but

not necessarily limited to Defendants terminating AKHRAMENKO's employment on October 30, 2019.

49. AKHRAMENKO's good faith objections-complaints to Adam Lara and Defendant BRAMBILLA in October 2019 about Plaintiff working uncompensated overtime hours were a motivating factor behind Defendants' unlawful retaliation against AKHRAMENKO and the unlawful termination of Plaintiff's employment on October 30, 2019, in violation of 29 U.S.C. §215(a)(3).

50. Defendants' violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for AKHRAMENKO's rights under the FLSA.

51. AKHRAMENKO has suffered lost wages, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants' violations of 29 U.S.C. §215(a)(3).

52. AKHRAMENKO has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorney's fees and costs as a result of Defendants' violations of 29 U.S.C. §215.

WHEREFORE, Plaintiff, OLGA AKHRAMENKO, demands judgment against Defendants, jointly and severally, OVINNET, INC., f/k/a OVERSEAS TRAVEL OF FLORIDA, INC., OVERSEAS TRAVEL OF FLORIDA LLC, and FELIX BRAMBILLA, for back pay, employment benefits, compensatory damages including, but not limited to, damages for intangible injuries, punitive damages, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 6, 2019                    Respectfully submitted,

                                      By:   **KEITH M. STERN**
                                             Keith M. Stern, Esquire
                                             Florida Bar No. 321000
                                             E-mail:  employlaw@keithstern.com
                                             LAW OFFICE OF KEITH M. STERN, P.A.
                                             80 S.W. 8th Street, Suite 2000
                                             Miami, Florida 33130
                                             Telephone:  (305) 901-1379
                                             Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.   I consent to be a party plaintiff in a lawsuit against Defendants, **Overseas Travel of Florida LLC and Felix Brambilla**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.   I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.   I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*[signature]*

Olga Akhramenko